UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
**DANIELLE WARREN,**

                     **Plaintiff,**                Case No.

                  **-against-**

**ULTIMATE FITNESS GROUP, LLC,**
**OTF ROYALTIES, LLC,**                   **COMPLAINT**
**OTF FRANCHISOR, LLC,**
**HV NEWBURGH, LLC, HV MONROE, LLC,**     **Jury Trial Demanded**
**HV POUGHKEEPSIE, INC., d/b/a**
**ORANGETHEORY FITNESS and JOHN**
**GREGORIO,**
                     **Defendants.**
------------------------------------------------------------------------x

       Plaintiff, by her attorneys, Tuckner, Sipser, Weinstock & Sipser, LLP, respectfully complains as follows:

## PRELIMINARY STATEMENT

1. This is an action arising under the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e *et seq.* ("Title VII"), as well as under Article 15 of the New York State Executive Law §§ 290 *et seq*. ("NYS Human Rights Law"), seeking declaratory and injunctive relief and damages to redress the harms and losses Plaintiff has suffered as a result of being discriminated against by Defendants on the basis of sex, and because she was retaliated against and fired for opposing a severely hostile work environment due to sexual harassment.

## JURISDICTION AND VENUE

2. The Court has original jurisdiction over this action pursuant to 28 U.S.C. §1331 in that this case arises under federal law, specifically Title VII of the Civil Rights Act of 1964, 42

1

U.S.C. §§2000e *et seq.*, and the Court also has supplemental jurisdiction pursuant to 28 U.S.C. §1367(a) over Plaintiff's related NY Executive Law claims under the NYS Human Rights Law.

3.  Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §1391(b) based upon Plaintiff's employment with Defendants in Dutchess County, NY.

## PARTIES

4.  Plaintiff Danielle Warren is a natural person and NY State resident.

5.  Defendants were Plaintiff's "Employer" as provided under the applicable statutes.

6.  Defendant John Gregorio is the owner of Defendants HV Newburgh, LLC, HV Monroe, LLC and HV Poughkeepsie, Inc.

## PROCEDURAL PREREQUISITES

7.  Plaintiff filed a charge of discrimination against Defendants with the US Equal Employment Opportunity Commission ("EEOC") on July 12, 2019.

8.  Plaintiff received a "Notice of Suit Rights" ("NORTS") from the EEOC dated September 4, 2019, with respect to her charge of discrimination, entitling her to commence a civil action under the Civil Rights Act within 90 days of her receipt of the NORTS.

## ALLEGATIONS OF FACT

9.  Defendants Ultimate Fitness Group, LLC, OTF Royalties, LLC, OTF Franchisor, LLC, HV Newburgh, LLC, HV Monroe, LLC and HV Poughkeepsie Inc. (all doing business as Orangetheory Fitness) operate fitness gyms.

10. Plaintiff was hired by Defendants in 2017 as a Studio Manager.

11. Plaintiff was an excellent employee with a demonstrably unblemished record. She always performed the essential functions of her job in an outstanding manner, and initially maintained a positive relationship with Defendant John Gregorio, who was also Plaintiff's direct manager.

12. However, in 2019, Gregorio began subjecting Plaintiff to unlawful sexual harassment.

13. On or about April 29, 2019, Gregorio remarked to Plaintiff, "*suck my dick*."

14. Plaintiff, who was highly upset about this sexist, rude and hostile remark, verbally informed Gregorio on May 3, 2019, that she did not appreciate his demeaning and sexualizing comment, thus firmly opposing Gregorio's unlawful and sexually harassing conduct.

15. However, in response to Plaintiff's opposition to his unwelcome and objectifying commentary, Gregorio became defensive, upset and visibly angry toward Plaintiff.

16. Gregorio then began retaliating against Plaintiff as a result of her unwillingness to submit to disparate treatment that was degrading the terms and conditions of Plaintiff's employment.

17. Plaintiff began receiving multiple harassing follow-up calls and text messages from Defendant Gregorio, exacerbating the workplace hostility and Plaintiff's pain and suffering.

18. Consequently, Plaintiff took the day off on May 6, 2019 due to the pervasive stress.

19. In further retaliation, at about 3:00 pm on May 6, 2019, Plaintiff received a text message from Gregorio stating that she would be suspended due to her perceived emotional turmoil.

20. On May 7, 2019, Plaintiff conferred by phone with Gregorio and Stefan Nash, another Defendant owner, where both principals baselessly indicated for the first time that the staff "*hates*" Plaintiff, a false and retaliatory pretextual assertion contrived in reaction to Plaintiff's protected activity of opposing sex discrimination and standing up for her employment rights.

21. Nash then saw fit to misogynistically denigrate Plaintiff as a "*bitch and a bully*," and he indicated that Defendants were upset that Plaintiff stood up to Gregorio's sex-based hostility.

22. Moreover, in further retaliatory fashion, when Plaintiff again advised Nash of the unwelcome "*suck my dick*" dictum, Defendants failed to conduct any investigation, let alone corrective action, and instead Plaintiff was dismissively told by Nash, "*that's between you guys*."

23. On May 20, 2019, Plaintiff returned to work after her retaliatory suspension.

24. On May 26, 2019, Plaintiff formally reported by text message the acts of sexual harassment and retaliation to Defendants' principal corporate office in Fort Lauderdale, FL.

25. Plaintiff actually notified Defendants in writing that she felt that her "*job was at risk*" following her suspension for reporting to ownership that Gregorio had told her to "*suck his dick*."

26. On May 27, 2019, Defendants' Human Resources wrote back to Plaintiff, thanking her for "*reaching out*" and representing that Defendants take "*feedback of this nature very seriously*." Defendants further indicated that "*our team will be investigating this immediately*."

27. On the same May 27th day that Defendants told Plaintiff that her protected complaint would be promptly investigated--and *one day* after Plaintiff invoked a protected status—she was removed as the incoming manager of a facility that Defendants were in the process of opening.

28.     On June 6, 2019, Plaintiff learned that she was being excluded from important communications about sales and development from the corporate Regional Business Manager, Rich Mejias, who was ostensibly investigating her sexual harassment complaint while Gregorio and Nash continued to degrade the terms and conditions of Plaintiff's employment.

29.     Then, in a final discriminatory and brazenly retaliatory act, Plaintiff was terminated by Defendants for transparently pretextual reasons on June 11, 2019.

30.     During a fully corroborated exit conversation while Defendant Gregorio was firing Plaintiff, he again failed to deny that he told Plaintiff to fellate him, as he indicated that he was unhappy with Plaintiff even before he subjected her to a demoralizing sexually harassing epithet.

## HARMS AND LOSSES

31.     Due to Defendants' unlawful, discriminatory and retaliatory employment practices, Plaintiff has suffered substantial harms and losses, as well as injury to her reputation, extreme emotional distress, ongoing corroborated pain and suffering and rising costs and attorneys' fees.

## FIRST CAUSE OF ACTION
**(Discrimination under Title VII)**

32.     Plaintiff incorporates all preceding paragraphs of this Complaint as if fully set forth herein at length.

33.     Title VII, 42 U.S.C. § 2000e–2(a), provides that it shall be an unlawful employment practice for an employer:

> (1) to discharge any individual, or otherwise discriminate against any individual … because of such individual's ... sex ...

5

34. By reason of the foregoing allegations, Defendants engaged in an unlawful employment practice prohibited by Title VII, by creating and fostering a hostile work environment and otherwise discriminating against Plaintiff because of her sex.

## SECOND CAUSE OF ACTION
**(Retaliation under Title VII)**

35. Plaintiff incorporates all preceding paragraphs of this Complaint as if fully set forth herein at length.

36. Title VII, 42 U.S.C. § 2000e–3(a), provides that it shall be an unlawful employment practice for an employer:

> (1) to discriminate against any individual … because she has opposed any practice made an unlawful employment practice by this subchapter

37. By reason of the foregoing allegations, Defendants engaged in an unlawful employment practice prohibited by Title VII, by retaliating and otherwise discriminating against Plaintiff because she has opposed discrimination made unlawful under Title VII.

## THIRD CAUSE OF ACTION
**(Discrimination under NYS Human Rights Law)**

38. Plaintiff incorporates all preceding paragraphs of this Complaint as if fully set forth herein at length.

39. The NYS Human Rights Law, § 296(1)(a), provides that it shall be unlawful:

> For an employer … because of an individual's … sex … to discharge from employment such individual or to discriminate against such individual in … terms, conditions or privileges of employment.

40. By reason of the foregoing allegations, Defendants engaged in an unlawful discriminatory practice in violation of the Human Rights Law, § 296(1)(a), by subjecting Plaintiff to a hostile work environment and discriminating against her based on her sex.

## FOURTH CAUSE OF ACTION
### (Retaliation under NYS Human Rights Law)

41. Plaintiff incorporates all preceding paragraphs of this Complaint as if fully set forth herein at length.

42. The NYS Human Rights Law, § 296(7), states that it shall be an unlawful:

> for any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he or she has opposed any practices forbidden under this article.

43. By reason of the foregoing allegations, Defendants engaged in an unlawful discriminatory practice in violation of NYS Human Rights Law, 296(7), by retaliating against Plaintiff because she opposed practices forbidden under that state statute.

## FIFTH CAUSE OF ACTION
### (Discrimination under NYS Human Rights Law)

44. Plaintiff incorporates all preceding paragraphs of this Complaint as if fully set forth herein at length.

45. Article 15 of the New York State Executive Law, §296.6, provides that it shall be an unlawful discriminatory practice:

> for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this article, or to attempt to do so.

46. Defendant Gregorio engaged in an unlawful discriminatory practice in violation of Article 15 of the New York State Executive Law, §296.6, by aiding, abetting, inciting, compelling and coercing the discriminatory employment practices suffered by Plaintiff.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks a judgment against Defendants:

A. Declaring that Defendants engaged in unlawful employment practices by subjecting Plaintiff to a severely hostile work environment and otherwise discriminating and retaliating against her as a result of her protected statuses and activities;

B. Reinstating Plaintiff to her former position and/or awarding future income to Plaintiff in an amount to be proven at trial, representing all loss of future earnings, including reasonable and expected increases, loss of retirement income and all other benefits she would have been expected to earn during her entire lifetime, had it not been for Plaintiff's wrongful discharge;

C. Awarding Plaintiff damages for back pay and to otherwise make her "whole" for any losses suffered as a result of such unlawful employment practices;

D. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, emotional distress, pain and suffering, and injury to her reputation;

E. Awarding Plaintiff punitive damages;

F. Awarding Plaintiff attorneys' fees, costs and expenses incurred in the prosecution of the action;

G.     Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper, to remedy Defendants' unlawful employment practices.

## **JURY TRIAL DEMANDED**

Plaintiff demands a trial by jury.

Dated:  New York, NY
          November 6, 2019

                                  **Tuckner, Sipser, Weinstock & Sipser, LLP**

                                  By: /s/ William J. Sipser
                                       William J. Sipser (WS 1781)
                                       Attorneys for Plaintiff
                                       120 Broadway, 18th Floor
                                       New York, NY 10271
                                       212.766.9100
                                       www.womensrightsny.com