# UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANIELLE WARREN<br><br>Plaintiff,<br><br>v.<br><br>ULTIMATE FITNESS GROUP, LLC, OTF ROYALTIES, LLC, OTF FRANCHISOR, LLC, HV NEWBURGH, LLC, HV MONROE, LLC, HV POUGHKEEPSIE, INC., d/b/a/ ORANGETHEORY FITNESS and JOHN GREGORIO,<br><br>Defendants. | Civil Action No: 7:19-cv-10315-KMK-JCM<br><br>**STIPULATED PROTECTIVE ORDER** |

JUDITH C. McCARTHY, United States Magistrate Judge:

The parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately-tailored confidentiality order governing the pre-trial phase of this litigation, it is therefore hereby

ORDERED that any person subject to this Order — including without limitation the parties to this action, their representatives, agents, experts, and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order — shall adhere to the following terms:

1.  Information provided by the parties in discovery in the course of this litigation ("Discovery Material") that is designated as "Confidential" pursuant to the terms of this Order shall not be disclosed to anyone else except as expressly permitted by this Order.

2.  The person producing any given Discovery Material may designate as

1

"Confidential" any Discovery Material or portion of Discovery Material that contains non-public business, commercial, financial, or personal information, the public disclosure of which is either restricted by law or could, in the good faith opinion of the producing person, adversely affect a person's privacy obligations or confidential policies, business, commercial, financial, or personal interests.

3. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the document or protected portion of the document in a manner that will not interfere with legibility or audibility. Deposition testimony may be designated as Confidential either on the record during the deposition or within thirty (30) days of receipt of the transcript.

4. At any time prior to the trial of this action, any Discovery Material inadvertently produced without limitation may be designated by the producing person as Confidential by informing all parties in writing that the Discovery Materials should be treated as Confidential under this Order.

5. No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated as Confidential by the producing person to any other person, except:

    a. the parties to this action;

    b. counsel retained specifically for this action, including any paralegal, clerical, and other assistant employed by such counsel and assigned to this matter;

    c. as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

      d.      any witness called to testify at deposition or any witness whom counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form attached to this Order, or has agreed to the Non-Disclosure Agreement on the record in a deposition;

      e.      any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non- Disclosure Agreement in the form attached to this Order;

      f.      stenographers engaged to transcribe depositions conducted in this action; and

      g.      the Court, its support personnel and the members of the jury before whom this case will be tried;

      h.      any other person as directed by the Court.

6.      Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 5(d) or 5(e) above, such person shall be provided by counsel with a copy of this Order and shall sign a Non-Disclosure Agreement in the form attached to this Order or as provided for in subparagraph 5(d) shall agree to the Non-Disclosure Agreement on the record in a deposition.  Counsel shall retain each signed Non-Disclosure Agreement.

7.      All Confidential Discovery Material filed with the Court, and all portions of pleadings, motions, or other papers filed with the Court that disclose such Confidential Discovery Material, shall be filed under seal with the Clerk of the Court in the manner provided by the Court's "Sealed Records Filing Instructions" (available on the Court's website) or as otherwise directed by the Court.  The parties will use their reasonable best efforts to minimize the filing of

Confidential Discovery Materials under seal or otherwise as directed by the Court. For any document filed under seal, (1) a redacted version of the document shall be filed on the public docket on the same day, and (2) a letter shall be filed on the public docket indicating what has been filed under seal, unless otherwise directed by the Court.

8. Any party who either objects to any designation of confidentiality, or who requests further limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request. If the parties cannot reach a prompt agreement respecting the objection, the party seeking the confidentiality designation may seek a ruling from the Court in order for the information to be considered Confidential Discovery Material. Pending a determination by the Court the parties agree that such information shall be considered Confidential Discovery Material.

9. Each person who has access to the Confidential Discovery Material shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

10. If a party discloses information in connection with the pending litigation that the producing party thereafter claims to be privileged or protected by the work product doctrine ("Privileged Materials"), whether inadvertent or otherwise, the disclosure of that Privileged Information will not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection that the producing party would otherwise be entitled to assert with respect to the Privileged Materials and its subject matter in this or any other federal or state proceeding. This provision shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

11. A producing party may make a claim that it has produced Privileged Materials at

any time by notifying the party that has received the Privileged Materials in writing that the producing party has disclosed Privileged Materials without intending a waiver by the disclosure. Upon receipt of such written notification by the producing party, the receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, unless the receiving party moves the Court for an Order compelling production of the Privileged Materials. The motion shall be filed under seal or otherwise as directed by the Court and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

12. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, electronically stored information, or other materials (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected information before production.

13. This Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Confidential Discovery Material, including copies, shall be returned promptly to the producing person, or, upon permission of the producing person, destroyed. However, each party's counsel may retain a file copy for their records, but, under no circumstances may Confidential Discovery Materials be disclosed to any person or entity for any reason after the final disposition of this Action, other than as required by court order, or in response to a malpractice or disciplinary complaint against the attorney or law firm by their clients or former clients.

14. This Stipulation and Order shall not be construed as an admission by any party that any document or other evidence is discoverable, relevant, or admissible or as a waiver of any right to object to the discoverability, relevance, or admissibility of any document or other evidence. There

are no intended beneficiaries of this Stipulation and Order other than the parties to this action and the Court, and no other person shall acquire any right hereunder.

15. The Parties may use Confidential Discovery Material for all purposes in the preparation and/or presentation of their case in this action, including but not limited to, discovery, pre-trial proceedings, motions, preparation for trial, trial and appellate proceedings, in accordance with the terms of this Stipulation and Order.

16. Nothing in this Stipulation and Order shall preclude any party from applying to the Court for an order modifying this Stipulation and Order.

**SO ORDERED.**

Dated: White Plains, New York
October 15, 2020

_____
JUDITH C. McCARTHY
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
                                                               :
                                                               :
_____,                                :
                                                               :
                              Plaintiff(s),                    :       ____ Civ. _____
              -v-                                              :
                                                               :       NON-DISCLOSURE
                                                               :          AGREEMENT
                                                               :
_____,                                :
                                                               :
                              Defendant(s).                    :
--------------------------------------------------------------- X

I, _____, acknowledge that I have read and understand the Stipulation and Order for the Production and Exchange of Confidential Information in this action (the "Order"). I agree that I will not disclose any Confidential Discovery Material produced in this litigation to anyone other than for purposes of this litigation or otherwise as directed by the Court and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising under this Non-Disclosure Agreement and that my willful violation of any term of the Order could subject me to punishment for contempt of Court.

Dated: _____           _____